UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN D. LYNCH, II,<br>    *Plaintiff*, | )<br>)<br>) |
| v. | )   3:23-cv-314 (OAW)<br>)<br>) |
| CONNECTICUT DEPARTMENT OF<br>PUBLIC HEALTH,<br>    *Defendant*. | )<br>)<br>)<br>) |

**RULING ON MOTION TO DISMISS**

Self-represented plaintiff, John D. Lynch, II, brought this action against Defendant, Connecticut Department of Public Health, seeking an order to remove any incorrect filings about Plaintiff on the National Practitioner Data Bank ("NPDB"). Compl. 3, ECF No. 1. Defendant moves to dismiss this action, arguing that Plaintiff did not establish subject matter jurisdiction, and did not state a claim upon which relief may be granted. ECF No. 17. The court has reviewed the motion to dismiss, Plaintiff's responses thereto, ECF Nos. 19, 25, and the record in this case. For the reasons discussed herein, the motion is **GRANTED**.

## I. BACKGROUND

The court endeavors to interpret the filing leniently, as it must with self-represented litigants (be they doctors or otherwise). However, issues of syntax, grammar, and omissions of relevant facts in the complaint served to impede the court's efforts. Plaintiff's handwriting in his briefing also was unhelpful. Nevertheless, as best it can, the court interprets Plaintiff's allegations as follows:

1

Plaintiff was a medical doctor who, at the time of initiating this matter, resided in Bridgeport, Connecticut.[1]  Compl. at 1.[2]  Defendant, Connecticut state agency, "placed [two] complaints" against Plaintiff on the NPDB, Compl. at 3, which is an online repository of reports "on medical malpractice payments and certain adverse actions related to health care practitioners, providers, and suppliers."  About Us, https://www.npdb.hrsa.gov/topNavigation/aboutUs.jsp (last visited Mar. 31, 2025).  The NPDB is run by the Health Resources and Services Administration ("HRSA"), an agency within the United States Department of Health and Human Services ("HHS").  NPDB History, https://www.npdb.hrsa.gov/topNavigation/timeline.jsp (last visited Mar. 31, 2025).  Plaintiff states that Defendant placed the complaints "from 2002," though he does not clarify whether the complaints were lodged in 2002, or whether the basis of the complaints stem from events that took place in 2002.  Compl. at 3.

Due to the two "bureaucratic mis[-]filings," Plaintiff is "unable to accept medical positions on internal medicine," despite having "too many positions offered to list."  *Id.* Plaintiff seeks an order directing Defendant to "remove all mis[-]filings" related to him on the NPDB, "from 2002, when [Plaintiff] was fully employed at Hartford Hospital Emergency Department."  *Id.* at 4.

---

[1] Because courts can take judicial notice of items in the public record, the court will make note of Plaintiff's investigations with the Connecticut Medical Examining Board.  *Richardson v. New York City Board of Education*, 711 F. App'x 11, 13 (2d Cir. 2017).  On March 15th, 2022, the Connecticut Medical Examining Board revoked Plaintiff's license to practice medicine and surgery after he failed to comply with the terms of his provisionally reinstated license.  Ex. A, Connecticut Medical Examining Board Petition No. 2021-726 Mem. of Decision 8, ECF No. 17-2.  Plaintiff's license originally was revoked on or about June 19, 2012, due to his "abuse or utilization of alcohol to excess," and was reinstated on a probationary basis on or around January 21, 2020.  *Id.* at 2–3.
[2] Plaintiff has since updated his address to Richmond, Virginia.  ECF No. 23.  Plaintiff indicated in his complaint that his Bridgeport, CT resident was "temporary."  Compl. at 1.

Defendant moves to dismiss this matter in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction via Eleventh Amendment sovereign immunity, and 12(b)(6), for failure to state a claim upon which relief can be granted.  Mem. of Law in Support of Mot. To Dismiss 1, ECF No. 17-2 ("Mot. to Dismiss").  In the motion to dismiss, Defendant correctly notes that the complaint "contains no jurisdictional allegations showing the [c]ourt has [subject matter] jurisdiction over this matter."  *Id.* at 4; *see also* Compl. at 2 (Section B. Jurisdiction left blank by Plaintiff).

Plaintiff filed two responses to the motion.  *See* ECF Nos. 19, 25.  He did not address the argument that this court lacks subject matter jurisdiction.  *See id.*  He did, however, supplement his complaint with additional accusations of Defendant's "bureaucratic incompetence" and "ethnic bias," though he did not provide additional facts to support these claims.  ECF No. 19 at 1–2.

## II.  **LEGAL STANDARD**

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. Pro. 12(b)(1)).  The Eleventh Amendment informs whether a federal court has power to adjudicate a matter because the Supreme Court of the United States has held that, "absent waiver by the State or valid congressional override," the Eleventh Amendment prohibits a State from being sued in federal court.  *See, e.g.*, *Kentucky v. Graham*, 473 U.S. 159, 169 (1985); *see also Williams v. Marinelli*, 987 F.3d 188, 196 (2d Cir. 2021)

(holding that if the relief sought by the plaintiff violated the Eleventh Amendment, the court could lack the power to grant the relief).

To avoid dismissal under Rule 12(b)(1), it is the plaintiff's burden to prove, "by a preponderance of the evidence," that subject matter jurisdiction exists. *Makarova*, 201 F.3d at 113. When reviewing a 12(b)(1) motion to dismiss, a district court must "take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014).

At the same time, the court must hold pro se plaintiffs' submissions "to less stringent standards than formal pleadings drafted by lawyers." *Vargas-Crispin v. Zenk*, 376 F. Supp. 2d 301, 303 (E.D.N.Y. 2005) (quoting *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)). The court must "read the pleadings of a pro se plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *Id.* (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir.1999)). Nonetheless, pro se plaintiffs still must satisfy relevant rules of procedural and substantive law. *See id.*

### III. DISCUSSION

This ruling exclusively addresses the plaintiff and defendant's arguments related to Rule 12(b)(1) because the outcome of that analysis is dispositive.

Plaintiff has not proven by a preponderance of the evidence that there is subject matter jurisdiction over his claims. Plaintiff sued the Connecticut Department of Public Health, a Connecticut state agency.[3] Compl. at 1. A lawsuit against a state agency

---

[3] Plaintiff also named Daniel Shapiro, styled "Assistant AG," as a defendant in the complaint. Compl. at 1. He listed Mr. Shapiro's address as "CT AG Office." *Id.* The court finds that Mr. Shapiro is a not a party to

4

"constitutes a suit against a state for Eleventh Amendment purposes." *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  As such, Eleventh Amendment immunity shields Connecticut state agencies and departments from suits in federal court, just as it shields the State of Connecticut.  *Lee v. Dep't of Child. & Fams.*, 939 F. Supp. 2d 160, 165 (D. Conn. 2013) ("The scope of the Eleventh Amendment bar depends on the identity of the defendant. For suits against states or their agencies, '[t]his jurisdictional bar applies regardless of the nature of the relief sought.'") (quoting *Pennhurst*, 465 U.S. at 100).

Plaintiff has not alleged that there was a waiver by Connecticut, or a valid congressional override conferring this court with subject matter jurisdiction.  *See Kentucky v. Graham*, 473 U.S. at 169.  Therefore, even taking as true all facts in the complaint and drawing all reasonable inferences in Plaintiff's favor, the court finds that Plaintiff's claims against Defendant are wholly barred by the Eleventh Amendment.

## IV. <u>CONCLUSION</u>

For the reasons discussed herein, it is **ORDERED**:

1. Defendant's Motion to Dismiss (ECF No. 17) is **GRANTED.**
    a. Plaintiff is permitted to file an amended complaint that addresses the jurisdictional deficiencies identified.  Failure to file an amended complaint within **thirty (30) days** will result in the dismissal of this action in its entirety, without prejudice.

---

this matter because he has not been served, and Plaintiff failed to identify him as a defendant in both the case caption and in the summons.  *See* Compl. at 1; *see* Summons, ECF No. 12.  Under Federal Rule of Civil Procedure 4, Plaintiff "is responsible for having the summons and complaint served within the time allowed by Rule 4(m)."  F. Rule Civ. Pro. 4(c)(1).  Otherwise, he risks dismissal.  F. Rule Civ. Pro. 4(m).

2. Defendant's Motion to Stay All Discovery Proceedings (ECF No. 18) is **DENIED as MOOT.**

   **IT IS SO ORDERED** in Hartford, Connecticut, this 31st day of March, 2025.

   /s/
   OMAR A. WILLIAMS
   UNITED STATES DISTRICT JUDGE
